**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 10-5126**

─────────────

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

TERRY DEWAYNE COMPTON,

               Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Western District of Virginia, at Abingdon.  James P. Jones, District Judge.  (1:02-cr-00098-jpj-pms-1)

─────────────

Submitted:  April 15, 2011         Decided:  April 27, 2011

─────────────

Before WILKINSON, NIEMEYER, and MOTZ, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Larry W. Shelton, Federal Public Defender, Brian J. Beck, Assistant Federal Public Defender, Abingdon, Virginia, for Appellant.  Timothy J. Heaphy, United States Attorney, Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terry Dewayne Compton appeals from the twenty-one-month sentence he received upon the revocation of his supervised release. For the reasons that follow, we affirm.

Compton pleaded guilty in 2002 to knowingly possessing stolen mail, in violation of 18 U.S.C. § 1708 (2006). In 2003, Compton was sentenced to eighteen months' imprisonment and three years' supervised release. Compton's supervised release began in September 2007.

In February 2010, Compton's probation officer filed a revocation petition, alleging several supervised release violations: (1) the unauthorized use of a debit card belonging to Kristen Hammonds,[1] in violation of the prohibition on committing other crimes; (2) unauthorized travel to Texas, in violation of the prohibition on leaving the judicial district without permission; and (3) failing to appear in Dickerson County (Virginia) General Sessions District Court, resulting in issuance of a warrant, in violation of the prohibition on committing further crimes. These actions also resulted in the revocation of Compton's state probation, for which the Circuit

---

[1] Compton used Ms. Hammonds' debit card at Wal-Mart on two occasions, purchasing a total of $175 worth of goods.

Court for Washington County (Virginia) sentenced Compton to twenty-four months' imprisonment.

The probation officer determined that the most serious violation was a Grade B violation which, coupled with his category VI criminal history, resulted in a policy statement range of twenty-one to twenty-seven months' imprisonment. See U.S. Sentencing Guidelines Manual ("USSG") §§ 7B1.1(a)(2), 7B1.4(a) (2003), p.s.. At the revocation hearing, Compton admitted the alleged violations.[2] When queried by the court, defense counsel agreed that any sentence the court might impose would run consecutive to the previously imposed state sentence.

The court found that Compton had violated his supervised release, adopted the policy statement calculations and the resulting sentencing range, and imposed a twenty-one-month sentence. The court ordered the sentence to run consecutive to any previously imposed sentence. The court also ordered an additional three-year term of supervised release.

Relying on the 18 U.S.C. § 3553(a) (2006) factors that informed its sentencing decision, the court explained that Compton was a "constant offender" whose mental impairments and limited intellectual capabilities made it difficult to deter him

_____

[2] The parties did not dispute the probation officer's calculations under the relevant Chapter Seven advisory policy statements, and no such issues are raised on appeal.

from crime. Thus, the court opined that the objectives of protecting the public from Compton's crimes and deterring future criminal conduct were best met through incarceration. Compton timely appealed from the entry of judgment.

Compton first asserts the district court committed reversible procedural error by failing to respond to his argument for a concurrent sentence. Compton further challenges the adequacy of the district court's explanation for imposing a consecutive sentence.

As the parties acknowledge, the "plainly unreasonable" standard set forth in United States v. Crudup, 461 F.3d 433, 437-38 (4th Cir. 2006) controls.[3] This court will affirm a sentence imposed after revocation of supervised release if it is within the governing statutory range and not plainly unreasonable. Crudup, 461 F.3d at 439-40. "When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all." United States v. Thompson, 595 F.3d 544, 546 (4th Cir. 2010); see United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007). A

---

[3] To the extent that Compton asks this court to revisit the standard of review of revocation sentences established in Crudup, we decline the invitation. One panel of this court cannot "overrule or reconsider a precedent set by another panel." United States v. Najjar, 300 F.3d 466, 486 n.8 (4th Cir. 2002).

supervised release revocation sentence is procedurally reasonable if the district court considered the Chapter Seven advisory policy statements and the § 3553(a) factors applicable to the proceeding. See 18 U.S.C. § 3583(e) (2006); Crudup, 461 F.3d at 439.

We reject Compton's challenges to the procedural reasonableness of his sentence. The district court committed no procedural error in ordering that Compton's twenty-one-month sentence be served consecutive to his previously imposed state sentence. The policy statement set forth in USSG § 7B1.3(f) specifically states that —

> Any term of imprisonment imposed upon the revocation of . . . supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of . . . supervised release.

Thus, in imposing a consecutive sentence, the district court deferred to this advisory policy statement. Such deference, while not required, was more than proper. See Thompson, 595 F.3d at 547; see also Moulden, 478 F.3d at 656-57. We further reject Compton's contention that the district court needed to more fully explain why it adhered to this clear policy statement, because such a position places an unwarranted obligation on sentencing courts. See, e.g., Rita v. United States, 551 U.S. 338, 356-57 (2007) ("[W]hen a judge decides

5

simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation.").

This court recognized in Thompson that it would "be hard-pressed to find any explanation for within-range, revocation sentences insufficient given the amount of deference we afford district courts when imposing these sentences." Thompson, 595 F.3d at 547. Here, the district court explained that the need to protect the public and to deter Compton from future crimes supported a sentence within the properly calculated policy statement range. Accordingly, we discern no procedural error in the district court's explanation.

Compton next argues the sentence is substantively unreasonable because it is excessive given the underlying criminal conduct. This argument fails, however, because the governing statute expressly restricts the sentencing court from considering the seriousness of the underlying conduct in determining the violation sentence. See 18 U.S.C. § 3583(e) (enumerating the § 3553(a) sentencing factors that should be considered in fashioning a revocation sentence, but omitting § 3553(a)(2)(A) — the need for the sentence to reflect the seriousness of the offense). Rather, the revocation sentence is designed to punish the defendant's failure to abide by the terms of his supervised release. Crudup, 461 F.3d at 438. Here, Compton admitted to six violations of the terms of his

6

supervised release, which reflected Compton's serious disregard for his supervision.

A revocation sentence is substantively reasonable if the district court stated "a proper basis" for concluding the defendant should receive the sentence imposed. Crudup, 461 F.3d at 440. The court plainly did so here. Accordingly, we conclude that the court's within-policy statement range sentence was substantively reasonable.

For the foregoing reasons, we affirm the district court's revocation judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED